UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

14 JUN 12 PM 3: 16

OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, ) ) ) | 8:14mc49 |
| | Civil Action No. 1:14-cv-03900 |
| Plaintiff, ) ) | |
| v. ) | |
| ) | Hon. Judge Rebecca R. Pallmeyer |
| NEAL V. GOYAL, CALDERA ) ADVISORS, LLC, and BLUE HORIZON ) ASSET MANAGEMENT, LLC ) ) | |
| Defendants, ) ) | |
| and ) ) | |
| CALDERA INVESTMENT GROUP, INC. ) ) | |
| Relief Defendant. ) | |

## ORDER APPOINTING RECEIVER

**WHEREAS** this matter has come before this Court upon motion of the Plaintiff U.S.

Securities and Exchange Commission ("SEC", "Commission" or "Plaintiff") to appoint a

receiver in the above-captioned action; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the

appointment of a receiver in this action is necessary and appropriate for the purposes of

marshaling and preserving all assets of the Defendants and those assets of the Relief Defendant

that: (a) are attributable to funds derived from investors or clients of the Defendants; (b) are held

in constructive trust for the Defendants; (c) were fraudulently transferred by the Defendants;

and/or (d) may otherwise be includable as assets of the estates of the Defendants (collectively,

the "Recoverable Assets"); and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal

1

jurisdiction over the Defendants, and venue properly lies in this district.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following Defendants and Relief Defendant: Neal V. Goyal, Caldera Advisors, LLC, Blue Horizon Asset Management, LLC and Relief Defendant Caldera Investment Group, LLC (collectively, the "Receivership Defendants").

2.      Until further Order of this Court, Kevin B. Duff, of the firm Rachlis Duff Adler Peel & Kaplan, LLC Duff is hereby appointed to serve without bond as the federal equity receiver (the "Receiver") for the estates of the Receivership Defendants.

## I. Asset Freeze

3.      Except as otherwise specified herein, all assets of the Defendants and Relief Defendants (collectively, "Receivership Assets") are frozen until further order of this Court. Accordingly, all persons, institutions and entities with direct or indirect control over any Receivership Assets other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such Receivership Assets. This freeze shall include, but not be limited to, Receivership Assets that are on deposit with any financial institutions or other entities, including, but not limited to, banks, brokerage firms and mutual funds. In particular, the Court enjoins any disbursement of proceeds by the Defendants, their agents, representatives, employees and officers and all persons acting in concert or participation with them, whatever business name they may operate under, derived from the sales of interests in Receivership Defendants, or any of them.

2

## II. **General Powers and Duties of Receiver**

4.     The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers, members, and general and limited partners of the Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a federal equity receiver, including but not limited to those powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, Fed. R. Civ. P. 66, and this Order.

5.     The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Receivership Defendants are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted in writing by the Receiver. This order, however, does not dismiss Defendant Goyal's personal attorneys.

6.     The Receiver may assume and control the operation of any of the Receivership Defendants and may pursue and preserve all of their claims or interests. The Receiver may continue and conduct the business, if any, of the Receivership Defendants in such manner, to such extent and for such duration as the Receiver may deem to be necessary or appropriate, if at all.

7.     No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act for or on behalf of any of those Receivership Defendants, unless expressly authorized, in writing, by the Receiver.

8.     Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:

3

A. To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly (the foregoing collectively may be referred to as "Receivership Assets" or the "Receivership Estates");

B. To take exclusive custody, control and possession of all Receivership Assets and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Assets and records relevant thereto;

C. To manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Assets, pending further Order of this Court;

D. To take possession of all bank and investment accounts or securities accounts owned by or associated with the Receivership Estates or Receivership Defendants, whether in the name of the Receivership Defendants or their subsidiaries or affiliates, wherever located (collectively, the "Accounts"). The Receiver shall have the authority to open, close, transfer and change all bank, investment and securities Accounts.

E. To sign checks on, otherwise withdraw or transfer, trade or otherwise control the funds and/or securities contained in any Accounts owned or controlled by, or in the name of, the Receivership Defendants and Receivership Estate. The Receiver shall also be authorized to add or delete signers, including those currently authorized on the Account(s). The representatives of the Receiver initially designated with authority over these accounts shall be Kevin B. Duff.

F. To open and maintain new bank accounts in the name of the Receiver for the use in administering and preservation of the Receivership Estate, using the Federal Employer Identification Number of the Receivership Estate, at the Receiver's discretion.

G. To take control of, conserve, and liquidate any and all securities or commodities, owned by or for the benefit of the Receivership Estate, as the Receiver deems advisable or necessary.

H. To use Receivership Assets for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging

4

his duties as Receiver;

I.     To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, members, trustees, and agents of the Receivership Defendants;

J.     To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

K.     To take such action as necessary and appropriate for the preservation of Receivership Assets or to prevent the dissipation or concealment of Receivership Assets;

L.     To issue subpoenas to compel testimony of persons or production of records consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provision of Fed. R. Civ. P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order;

M.     To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

N.     To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates;

O.     To prepare a full accounting with regard to the activities of the Receivership Defendants for the period January 1, 2006 through the date of this Order;

P.     To take such other action as may be approved by this Court.

### III. Defendants' Duties to Receiver

9.     The individual Receivership Defendants and the past and/or present officers,

directors, agents, managers, members, general and limited partners, trustees, attorneys,

accountants and employees of the entity Receivership Defendants, as well as those acting in their

place, are hereby ordered and directed to preserve, provide immediate access, and turn over to

the Receiver forthwith all paper and electronic information of, and/or relating to, the

Receivership Defendants and/or all Receivership Assets; such information shall include but not

be limited to books, records, documents, accounts, access codes, security codes, passwords, safe

deposit keys, combinations, and all other instruments, papers, and electronic data. This does not,

however, include documents and files of Defendant Goyal's personal attorneys that are protected

by the work-product doctrine and attorney-client privilege.

      10.    Within ten (10) days of the entry of this Order, the Receivership Defendants shall

file with the Court and serve upon the Receiver and the Commission a sworn statement, listing:

(a) the identity, location and estimated value of all Receivership Property; (b) all employees (and

job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of

the Receivership Defendants; and, (c) the names, addresses and amounts of claims of all known

creditors of the Receivership Defendants. Defendant Goyal shall retain responsibility, and the

Receiver shall assume no responsibility, for preparing and filing Goyal's personal income tax

returns.

      11.    Within thirty (30) days of the entry of this Order, the Receivership Defendants

shall file with the Court and serve upon the Receiver and the Commission a sworn statement and

accounting, with complete documentation, covering the period from January 1, 2006 to the

present:

          A.    Of all Receivership Property, wherever located, held by or in the name of
the Receivership Defendants, or in which any of them, directly or
indirectly, has or had any beneficial interest, or over which any of them
maintained or maintains and/or exercised or exercises control, including,
but not limited to: (a) all securities, investments, funds, real estate,
automobiles, jewelry and other assets, stating the location of each; and (b)
any and all accounts, including all funds held in such accounts, with any
bank, brokerage or other financial institution held by, in the name of, or
for the benefit of any of them, directly or indirectly, or over which any of
them maintained or maintains and/or exercised or exercises any direct or

6

indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage or other financial institution;

B.   Identifying every account at every bank, brokerage or other financial institution: (a) over which Receivership Defendants have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Defendants;

C.   Identifying all credit, bank, charge, debit or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve months;

D.   Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E.   Of all funds received by the Receivership Defendants, and each of them, in any way related, directly or indirectly, to the conduct alleged in the Commission's Complaint. The submission must clearly identify, among other things, all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

G.   Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

H.   Of all transfers of assets made by any of them.

12.   Within ten (10) days of the entry of this Order, the Receivership Defendants shall provide to the Receiver and the Commission copies of the Receivership Defendants' federal income tax returns for 2006 through 2013 with all relevant and necessary underlying documentation. The Receivership Defendants shall also deliver all state licenses, tax identification numbers, and all other relevant tax information.

13.   The individual Receivership Defendants named in the Complaint and the Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, members, shareholders, employees, accountants, debtors, creditors, managers and general and

7

limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make his discovery requests in accordance with the Federal Rules of Civil Procedure. Nothing in this Order shall operate as or effectuate a waiver of the attorney-client privilege regarding communications between Defendant Goyal and his personal attorneys, and Goyal's personal attorneys shall not be compelled by this Order to divulge information that would otherwise be protected by the attorney-client privilege.

14.     The Receivership Defendants are required to fully cooperate with and assist the Receiver in all respects in fulfilling his duties and obligations. As such, the Receivership Defendants must respond promptly and truthfully to all requests for information and documents from the Receiver.

## IV. Access to Books, Records and Accounts

15.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants. All persons and entities receiving notice of this Order by personal service, facsimile or other electronic transmission, or otherwise, having control, custody or possession of any Receivership Assets are hereby directed to turn such property, including but not limited to all Accounts, over to the Receiver.

16.     The Receivership Defendants, as well as their agents, servants, employees,

8

attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons

receiving notice of this Order by personal service, facsimile transmission or otherwise, having

possession of the property, business, books, records, accounts or assets of the Receivership

Defendants are hereby directed to deliver the same to the Receiver, his agents and/or employees.

17.    All banks, brokerage and securities firms, financial institutions, and other persons

or entities which have possession, custody or control of any assets or funds held by, in the name

of, or for the benefit of, directly or indirectly, the Receivership Defendants that receive actual

notice of this Order by personal service, email, facsimile transmission, or otherwise shall:

> A.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;
>
> B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;
>
> C.    Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,
>
> D.    Cooperate expeditiously in providing access to accounts, assets and funds, as well as information as well as transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

## V. Access to Real and Personal Property

18.    The Receiver is authorized to take immediate possession of all personal property

of the Receivership Defendants, wherever located, including but not limited to electronically

stored information, computers, laptops, hard drives, external storage drives, and any other such

memory, media or electronic storage devices, books, papers, data processing records, evidence of

indebtedness, bank records and accounts, savings records and accounts, brokerage records and

9

accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, automobiles, and equipment.

19.     The Receiver is authorized to take immediate possession of all real property of the Receivership Defendants, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile transmission, or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing, or erasing anything on such premises.

20.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the real property and premises described above. The Receiver shall have exclusive control of the keys. The Receivership Defendants, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

21.     The Receiver is authorized to open all mail, other than mail addressed to Defendant Goyal's spouse, directed to or received by or at the offices or post office boxes of the Receivership Defendants, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

22.     Upon the request of the Receiver, the U.S. Marshals Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estates. In addition, the Receiver is authorized to request similar

10

assistance from any other federal, state, county, or civil law enforcement officer(s) or constable(s) of any jurisdiction.

## VI. Notice to Third Parties

23.    The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, members, and general and limited partners of the Receivership Defendants, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

24.    All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

25.    In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the Commission.

26.    The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Receivership Defendants (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Defendants. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone

11

other than the Receiver concerning the Receiver's Mail. The Receivership Defendants shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Defendants, mail addressed to Defendant Goyal's spouse, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee or addressee's attorney by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Defendants. The Receivership Defendants shall not open a new mailbox or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

27.     Subject to payment for services provided, any entity or utility furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

28.     The Receiver is authorized to assert, prosecute and/or negotiate any claim under any insurance policy held by or issued on behalf of the Receivership Defendants, or their officers, directors, agents, employees, or trustees, and to take any and all appropriate steps in connection with such policies.

## VII. Injunction Against Interference with Receiver

29.     The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile transmission, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express

12

written agreement of the Receiver, which would:

> A.   Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Assets; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Assets;
>
> B.   Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;
>
> C.   Dissipate or otherwise diminish the value of any Receivership Assets; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Assets, enforcing judgments, assessments or claims against any Receivership Assets or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Assets; or,
>
> D.   Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

30.   The Receivership Defendants shall cooperate with and assist the Receiver in the performance of his duties.

31.   The Receiver shall promptly notify the Court and Commission counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII. Stay of Litigation

32.   As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy

proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature filed against or seeking relief from: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Assets, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, members, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

33.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

34.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to any cause of action accrued or accruing in favor of one or more of the Receivership Defendants against a third person or party, any applicable statute of limitation is tolled until the earlier of two years following entry of this Order or such time as the Receiver has filed his accounting with this Court.

## IX. Managing Assets

35.     For each of the Receivership Estates, the Receiver shall establish one or more accounts at a federally insured bank to receive and hold all cash and cash equivalent Receivership Assets (the "Receivership Funds").

36.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of **[Name of Receivership Defendant]**" together with the name of the action, or a title to that effect.

37.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Assets, other than real estate, in the ordinary course of

14

business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

38.     Subject to Paragraph 39, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estates, and with due regard to the realization of the true and proper value of such real property.

39.     The Receiver is authorized to sell, and transfer clear title to, all real property in the Receivership Estates after first obtaining Court authorization.

40.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

41.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable, whether proposed, temporary or final, or pronouncements thereunder, including the filing of the elections and statements contemplated by those provisions. The Receiver shall be designated the administrator of the Settlement Fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (a) obtaining a taxpayer identification number, (b) timely filing applicable federal, state, and local

15

tax returns and paying taxes reported thereon, and (c) satisfying any information, reporting or withholding requirements imposed on distributions from the Settlement Fund. The Receiver shall cause the Settlement Fund to pay taxes in a manner consistent with treatment of the Settlement Fund as a "Qualified Settlement Fund." The Receivership Defendants shall cooperate with the Receiver in fulfilling the Settlement Funds' obligations under Treas. Reg. § 1.468B-2].

## X. **Investigate and Prosecute Claims**

42.     Subject to the requirement, in Section VII above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with Commission counsel, be advisable or proper to recover and/or conserve Receivership Assets.

43.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Defendants were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estates, as the Receiver deems necessary and appropriate. As part of his duty to investigate and report to this Court pursuant to Section XV, the Receiver is authorized to conduct a full accounting with regard to the activities of the Receivership Defendants. The Receiver shall advise the Court as to the anticipated scope and nature of the accounting in his initial report to this Court. The Receiver also may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other

relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to counsel for the Commission before commencing investigations and/or actions.

44.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants.

45.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI.  Repatriation of Foreign Assets and Documents

46.     The Receiver shall take such steps as are necessary to repatriate to the territory of the United States of America all Receivership Assets that are located in a country other than the United States and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually.

47.     To the extent he has not already done so, within three (3) business days following entry of this Order, Neal V. Goyal shall provide the Receiver and the Commission with a full accounting of all assets, including Receivership Assets, that are located outside of the United States that have been transferred to the United States and are held by or for any Defendant or are under any Defendants' direct or indirect control, jointly, severally, or individually, including the addresses and names of any foreign or domestic financial institution or other entity holding the assets, along with the account numbers and balances.

48.     Neal V. Goyal shall take all steps necessary and appropriate to prevent any transfer, disposition, or dissipation whatsoever of any assets, including Receivership Assets, located outside the United States.

17

49.     To the extent he has not already done so, within three (3) business days following entry of this Order, Neal V. Goyal shall provide the Receiver and the Commission access to Defendants' records and documents held by financial institutions or other entities outside the United States, by signing and delivering to the Receiver and Commission's counsel a Consent to Release of Financial Records.

## XII.  Interference with Repatriation

50.     **IT IS FURTHER ORDERED** that Defendants are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign assets, including Receivership Assets, or in the hindrance of the. repatriation required by the preceding Section XI of this Order, including but not limited to:

A.     Sending any statement, letter, facsimile, email or wire transmission, or telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that the assets have been fully repatriated pursuant to the preceding Section XI of this Order; and

B.     Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order or the fact that repatriation is required pursuant to a Court Order, until such time as assets, including Receivership Assets, have been fully repatriated pursuant the preceding Section XI of this Order.

## XIII.  Bankruptcy Filing

51.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Defendants, or any of them.  If a Receivership Defendant is placed in Chapter 11 bankruptcy

18

proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor-in-possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor-in-possession under the Bankruptcy Code to the exclusion of any other person or entity.

52. The provisions of Section VII above bar any person or entity, other than the Receiver, from placing any of the Receivership Defendants in bankruptcy proceedings.

## XIV. Liability of Receiver

53. The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

54. The Receiver and his attorneys and agents, acting within the scope of such agency (collectively, "Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their actions or omissions except upon an express finding by this Court that they acted as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

55. No action shall be filed or proceeding commenced against the Receiver or the Retained Personnel arising out of or in any way related to this receivership or their duties or work performed in connection with the receivership without obtaining an order from the Court based upon a showing of good cause.

56. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

57. In the event the Receiver decides to resign, the Receiver shall first give written

19

notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor receiver. The Receiver shall then follow such instructions as the Court may provide.

### XV. Insurance

58.     Given the urgency to appoint a Receiver, the Court recognizes that the Receiver accepts this appointment without time for independent verification that appropriate insurance is in place on the property or that appropriate liability or other insurance is in place to protect the Receivership Assets and the Receivership Estate. Accordingly, the Court acknowledges that the Receiver has no responsibility or liability until such time as he can confirm that such insurance is in place or acquire the appropriate insurance. The Receiver shall make it a priority to verify or obtain insurance coverage immediately upon this Order Appointing Receiver being entered; however, the Plaintiff, Receivership Defendants, and Court acknowledge there may be a gap of time before such insurance may be in place to properly protect the assets of the estate and any employees of the estate, and that the Receiver has no responsibility or liability until such time as he/it has notified the Court by filing a notice that insurance is in place.

59.     Neal V. Goyal is ordered to immediately provide the Receiver with all available insurance information for both existing and prior insurance policies. This includes all applications, policies, riders, correspondence, endorsements, claims and other information. Neal V. Goyal is ordered: (1) to advise the insurance agent(s) of this Order in writing, (2) designate all authority over the policies to the Receiver, and (3) take no action with regard to terminating or modifying existing insurance policies.

60.     Any insurance broker, agent, carrier, or underwriter is specifically ordered by the Court to cooperate with the Receiver by timely furnishing the following: (1) copies of all insurance policies including any riders, endorsements and applications with respect to policies

20

related to the Receivership Estates, (2) loss history for five consecutive years or for as long as insurance has been in force if less than five years, (3) premium payment history including current status, and (4) any correspondence with insurance agents, brokers and companies. Policies shall be endorsed by the Defendants naming the Receiver as Named Insured and Loss Payee effective the date of this Order as appropriate to the type of coverage, and evidence of this policy endorsement shall be promptly supplied to the Receiver.

61.    The Receiver is hereby authorized to engage insurance brokers and consultants as necessary to properly insure the Receivership Assets.

## XVI. Recommendations and Reports

62.    The Receiver is authorized and empowered, in the Receiver's sole discretion, to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Assets (the "Liquidation Plan").

63.    Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

64.    Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value (if known), and location of all Receivership Assets, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

65.    The Quarterly Status Report shall contain the following:

      A.    A summary of the operations of the Receiver;

      B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the

21

estate;

C.    A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D.    A description of all known Receivership Assets, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.    A description of liquidated and unliquidated claims held by each Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.    A list of all known creditors with their addresses and the amounts of their claims;

G.    The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.    The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

66.    On the request of the Commission, the Receiver shall provide the Commission

with any documentation that the Commission deems necessary to meet its reporting

requirements, that is mandated by statute or Congress, or that is otherwise necessary to further

the Commission's mission.

## XVII. Fees, Expenses and Accountings

67.    Subject to Paragraphs 68 – 74 immediately below, the Receiver need not obtain

Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary

course of the administration and operation of the receivership. Further, prior Court approval is

not required for payments of applicable federal, state or local taxes.

68.    As provided in Section II above, and subject to Paragraph 59 below, the Receiver

22

is authorized to engage persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order.

69.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

70.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by Commission staff.

71.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

72.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

73.     Each Quarterly Fee Application shall:

    A.     Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

        B.     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

74.    At the close of the Receivership, the Receiver shall submit a Final Accounting, in

a format to be provided by Commission staff, as well as the Receiver's final application for

compensation and expense reimbursement.

**IT IS SO ORDERED, this 6th day of June, 2014, at Chicago, Illinois**

*Rebecca R. Pallmeyer*

**Rebecca R. Pallmeyer**
**UNITED STATES DISTRICT JUDGE**